J-S11040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS GEORGE OSTROWSKI | : | |
| | : | |
| Appellant | : | No. 1283 WDA 2016 |

Appeal from the PCRA Order August 16, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0001589-1999

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 20, 2017**

Thomas George Ostrowski ("Appellant") appeals from the order entered in the Court of Common Pleas of Butler County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546, as untimely.  We affirm.

On June 29, 2000, a jury sitting in Appellant's capital case found him guilty of two counts of first-degree murder and sentenced him to life imprisonment.  This Court affirmed judgment of sentence, and Appellant's judgment of sentence became final 90 days after the Pennsylvania Supreme Court filed its October 10, 2002 order denying Appellant's petition for allowance of appeal.  42 Pa.C.S. § 9545(b)(3) (judgment of sentence

_____

[*] Former Justice specially assigned to the Superior Court.

becomes final at the conclusion of direct review or the expiration of time for seeking the review); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa.Super. 2013) (defendant's judgment of sentence is final ninety days after Pennsylvania Supreme Court denies allowance of appeal since defendant has ninety days thereafter to seek discretionary review with United States Supreme Court).

Over thirteen years later, on March 16, 2016, Appellant filed this PCRA petition, his first, in which he asserted, *inter alia*, that his petition was timely because the recent decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) made *Alleyne v. United States*, 133 S.Ct. 2151 (2013) newly applicable to cases on collateral review. On March 28, 2016, the court appointed counsel and directed him to file an amended PCRA petition within 45 days. After receiving two extensions of time in which to file an amended petition, appointed counsel filed a no-merit letter and Motion to Withdraw as PCRA Counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On July 25, 2016, the PCRA court granted counsel's motion and issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Appellant's petition without a hearing. In the court's accompanying Memorandum Opinion, it opined that appointed counsel substantially complied with the requirements for withdrawal and agreed with counsel's position that Appellant's patently untimely petition qualified for no exception to the PCRA's one-year filing requirement.

Appellant filed a *pro se* response in opposition to the court's notice of intent to dismiss reiterating his position that the holding in **Alleyne** is retroactively applicable to PCRA claims by operation of the United States Supreme Court's recent decision in **Montgomery**. By its order of August 16, 2016, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant, acting *pro se*, presents the following question for our review:

> **WHETHER THE LOWER COURT ERRED IN FINDING [APPELLANT'S] PCRA [PETITION] AS [SIC] UNTIMELY WHERE THE UNITED STATES SUPREME COURT IN *MONTGOMERY V. LOUISIANA* HELD THAT ANY CASES OUT OF THEIR COURT THAT WERE SUBSTANTIVE IN NATURE WERE RETROACTIVELY APPLICABLE TO ALL THE STATES AND IN DOING SO CAUSED *ALLEYNE V. U.S.* TO BECOME RETROACTIVELY APPLICABLE TO [APPELLANT]?**

Appellant's brief at vii.

Our standard of review of an order denying a PCRA petition is to determine whether the findings of the PCRA court are supported by the record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court gives deference to the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered

or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, a petition for post-conviction relief must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) applies:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final on January 8, 2003, when the 90 days for filing an appeal to the United States Supreme Court expired. Thus, generally, Appellant would have had

- 4 -

to file a PCRA petition by January 8, 2004. This petition, filed on March 16, 2016, over thirteen years after Appellant's judgment of sentence became final, was, therefore, patently untimely unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's jurisdictional time-bar within "60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to avoid the one-year time-bar by invoking the "new constitutional right" exception under Section 9545(b)(1)(iii). In his view, this new right arose in *Montgomery*,[1] where the United States Supreme Court held "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Id.* at 729. *Alleyne's* invalidation of mandatory minimum sentences based on facts not proven to a jury beyond a reasonable doubt, Appellant maintains, constituted a ruling of a substantive nature. He concludes that the PCRA court was, therefore, required to apply the *Alleyne* rule retroactively to his mandatory life sentences.

Decisional law of this Commonwealth does not support Appellant's argument. In *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016),

---

[1] *Montgomery* was decided less than 60 days prior to the filing of Appellant's current PCRA petition.

the Pennsylvania Supreme Court determined that the Constitutional rule announced in **Alleyne** was procedural, not substantive, as the holding

> neither alters the range of conduct or the class of persons punished by the law. **See Montgomery**, 136 S.Ct. at 729-30. Rather, the holding allocates the relevant decision-making authority to a jury rather than a judge, while establishing the beyond-a-reasonable-doubt standard as the essential burden of proof.…

**Washington**, 142 A.3d at 818-19. As **Montgomery**, thus, did not concern **Alleyne**-based claims, the Court held that **Alleyne** does not apply retroactively to cases pending on collateral review and could not serve as the basis to declare judgments of sentence illegal in such cases. **Washington**, 142 A.3d at 814, 819-820 (observing that neither Pennsylvania Supreme Court nor United States Supreme Court has deemed **Apprendi v. New Jersey**, 120 S.Ct. 2348 (2000), from which **Alleyne** derives, retroactive on collateral review; federal courts of appeals universally reject retroactivity on collateral review). It follows that **Alleyne** applies only to cases pending on direct appeal as of the date of the **Alleyne** decision. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa.Super. 2014) (*en banc*) (holding **Alleyne** applies only to cases pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision); **Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa.Super. 2015).

Finally, even if Appellant had satisfied the PCRA's 60–day rule, and **Alleyne** generally applied retroactively on collateral review, Appellant would still not qualify for relief under **Alleyne** because the sentencing statute at

issue[2] predicates a mandatory minimum sentence of life imprisonment for first-degree murder not upon preponderance-based judicial findings of fact but, instead, upon a jury's determination that elemental facts were proven beyond a reasonable doubt.

Therefore, because Appellant failed to plead and prove that an exception to the one-year time requirement applied to the facts of his case, the PCRA court lacked jurisdiction to consider the merits of his untimely petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa.Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). For the same reasons, we, too, may not address the merits of any substantive claims raised in Appellant's PCRA petition. *See Bennett*, 930 A.2d at 1267. Accordingly, we affirm the order denying PCRA relief.

Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

---

[2] 18 Pa.C.S. § 1102(a)(1).